**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.  0:18-CV-61389-GAYLES/SELTZER**

STEPHEN V. FULLER,

       Plaintiff,

v.

MARINEMAX, INC., a Florida Corporation and
SEA RAY BOATS, INC., a Florida Corporation,

       Defendants.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court upon the Defendants' Motion to Dismiss Plaintiff's Complaint (the "Motion"), *see* [ECF No. 6], filed by Defendants MarineMax, Inc. ("MarineMax") and Sea Ray Boats, Inc. ("Sea Ray") (collectively, the "Defendants"), and for which a hearing was held on September 21, 2018, *see* [ECF No. 22].  For the following reasons, the undersigned RECOMMENDS that the Motion [ECF No. 6] be GRANTED.

By agreement of the Parties, Plaintiff's counsel shall have ten (10) days from the date of this Report and Recommendation to file an Amended Complaint which addresses the issues discussed at the September 21, 2018 hearing on the Motion.  The claims should be reviewed, revised, and/or removed as follows:

- Plaintiff shall name the correct party in the litigation that sold the Subject Vessel to Plaintiff, namely MarineMax East, Inc.  Accordingly, all claims brought against MarineMax should be DISMISSED WITH PREJUDICE.

- Plaintiff shall address all shotgun pleading issues in the Amended Complaint, including making it clear which new claims are brought against which Parties. Accordingly, Counts II (Rescission) and III (Revocation) should be DISMISSED WITHOUT PREJUDICE.

- Plaintiff shall amend his warranty-based claims such that they are only brought against Defendant Sea Ray for an alleged breach of the Sea Ray Limited Warranty as neither MarineMax nor MarineMax East, Inc. issued an express warranty, and all implied warranties were sufficiently disclaimed. *See, e.g., Wilson v. MarineMax East, Inc.*, 303 F.Supp.3d 1343, 1357-1365 (N.D. Ga. 2018). Accordingly, Counts I (Magnuson-Moss Warranty Act), IV (Breach of Express Warranties), V (Breach of Implied Warranty of Merchantability), and VI (Breach of Implied Warranty of Fitness for Particular Purpose) should be DISMISSED WITH PREJUDICE as to MarineMax, and should be DISMISSED WITHOUT PREJUDICE as to Sea Ray.

- Plaintiff's Fraud in the Inducement claim (Count VII) as currently pled is barred by the Economic Loss Rule. Plaintiff shall review his allegations and determine whether he can re-plead this claim to sufficiently plead an independent cause of action in tort. Accordingly, Count VII (Fraud in the Inducement) should be DISMISSED WITHOUT PREJUDICE.

- Plaintiff shall further amend his Fraud in the Inducement claim (Count VII) and his FDUTPA claim (Count IX) to satisfy the heightened pleading standards of Federal Rule of Civil Procedure 9(b) and to plead with sufficient particularity.

- Accordingly, Counts VII (Fraud in the Inducement) and IX (FDUTPA) should be DISMISSED WITHOUT PREJUDICE.

- The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Darrin P. Gayles, United States District Judge.  Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice.  See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 25th day of September 2018.

BARRY S. SELTZER
United States Magistrate Judge

Copies furnished counsel and
Hon. Darrin P. Gayles via CM/ECF