UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CIV-61389-RAR

STEPHEN FULLER,

     Plaintiff,

v.

MARINEMAX EAST, INC., a
Florida corporation and
SEA RAY BOATS, INC., a
Florida Corporation,

     Defendants.
_____/

## ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** comes before the Court on Defendants MarineMax East, Inc. ("MarineMax") and Sea Ray Boats, Inc.'s ("Sea Ray") (collectively, "Defendants") Motion for Summary Judgment ("Motion") [ECF No. 67], filed on December 23, 2019. At issue is whether a reasonable jury could find that Defendants breached expressed and implied warranties and violated the Magnuson-Moss Warranty Act, 15 U.S.C. section 2301, *et seq.*, when MarineMax sold Plaintiff an allegedly defective marine vessel. Having reviewed the parties' submissions, the record, and being otherwise fully advised in the premises, it is

**ORDERED AND ADJUDGED** that Defendants' Motion is **GRANTED IN PART**, as set forth herein.

## BACKGROUND

On March 10, 2015, Plaintiff purchased a 2014 Sea Ray 370 Venture vessel ("Vessel") from MarineMax pursuant to a written purchase agreement that disclaims express and implied warranties ("Purchase Agreement"). *See* Purchase Agreement [ECF No. 67-1]; Defendants'

Statement of Undisputed Facts ("Defs. SOMF") [ECF No. 67 at 3-6] ¶ 1; Plaintiff's Statement of Material Facts ("Pl. SOMF") [ECF No. 69 at 2-9] ¶ 1.  Sea Ray is the manufacturer and seller of the Vessel, while MarineMax is the Florida dealer for Sea Ray.   Defs. SOMF ¶ 4; Pl. SOMF ¶ 4. Plaintiff's Vessel came with a Sea Ray Limited Warranty ("Limited Warranty"), which provides that the owner of the Vessel must give Sea Ray written notice of any warranty claims and an opportunity to repair or replace any claimed defect.  *See* Sea Ray Limited Warranty [ECF No. 67-2].  MarineMax is not a signor of the Limited Warranty and Sea Ray is not a signor of the Purchase Agreement.

Plaintiff took possession of the Vessel on March 26, 2015.  Defs. SOMF ¶ 8; Pl. SOMF ¶ 8.  After taking possession of the Vessel, Plaintiff began experiencing issues that he believed should be repaired under the Limited Warranty.  Accordingly, Plaintiff took the Vessel to MarineMax for repairs.  Defs. SOMF ¶¶ 9-10; Pl. SOMF ¶¶ 9-10.  On March 3, 2016, Plaintiff sent a demand letter ("Demand Letter") to Defendants wherein he claimed there were three ongoing problems with the Vessel: (1) issues with the $CO_2$ monitor; (2) issues with the Vessel's altitude in the water; and (3) electrolysis and corrosion problems that caused pitting damage (collectively, "Original Issues").  *See* Demand Letter [ECF No. 67-4].  Because of these Original Issues, Plaintiff requested that Defendants purchase back his boat and pay all reasonable expenses. *Id.*  The following month, Sea Ray's Customer Service Manager, Larry Raustad, responded to Plaintiff's Demand Letter, stating that Sea Ray had inspected the Vessel and completed the required repairs.  *See* Raustad Response Email [ECF No. 67-5].  In spite of this communication, Plaintiff did not retake possession of the Vessel and did not have the Vessel checked until after he filed the instant lawsuit in March 2018.  Defs. SOMF ¶ 14; Pl. SOMF ¶ 14.

On March 22, 2018, Plaintiff filed his Complaint in the Seventeenth Judicial Circuit in and for Broward County, Florida, which was removed to the instant Court [ECF No. 1].  Plaintiff's

Complaint was based on the Original Issues outlined in his Demand Letter. On November 16, 2018, Plaintiff filed an Amended Complaint, which alleged several new defects with the Vessel ("New Issues") as grounds for his warranty claims against Defendants [ECF No. 29]. Because the New Issues were not identified until *after* the instant litigation commenced, Plaintiff never notified Defendants of the alleged New Issues, nor gave Defendants a chance to repair them before including the New Issues in this lawsuit. Defs. SOMF ¶ 20; Pl. SOMF ¶ 20. Plaintiff's Amended Complaint contains four counts against Sea Ray—Breach of Express Warranty (Count I); Breach of Implied Warranty of Merchantability (Count II); Breach of Implied Warranty of Fitness for a Particular Purpose (Count III); and Violations of the Magnuson-Moss Warranty Act (Count IV)— as well as one count for Rescission against MarineMax (Count V). On December 23, 2019, Defendants filed the instant Motion for Summary Judgment, which is now ripe for disposition.

## LEGAL STANDARD

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). In making this assessment, the Court "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party," *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1285 (11th Cir. 1997) (citation omitted), and "must resolve all reasonable doubts about the facts in favor of the non-movant," *United of Omaha Life Ins. Co. v. Sun Life Ins. Co. of Am.*, 894 F.2d 1555, 1558 (11th Cir. 1990) (citation omitted).

The movant's initial burden on a motion for summary judgment "consists of a responsibility to inform the court of the basis for its motion and to identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."

*Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993) (alterations and internal quotation

marks omitted) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  Once the moving party

has shouldered its initial burden, the burden shifts to the non-moving party to "'set forth specific

facts showing that there is a genuine issue for trial,' not just to 'rest upon the mere allegations or

denials of the adverse party's pleading.'"  *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir.

2001) (quoting *Resolution Trust Corp. v. Camp*, 965 F.2d 25, 29 (5th Cir. 1992)).

<u>**ANALYSIS**</u>

### A.  Breach of Express Warranty Against Sea Ray (Count I)

As a condition precedent to recovery for breach of warranty, a buyer must notify the seller

of the breach within a reasonable time after he discovers or should have discovered any breach "or

be barred from any remedy." Fla. Stat. § 672.607; *accord Royal Typewriter Co., a Div. of Litton

Bus. Sys. v. Xerographic Supplies Corp.*, 719 F.2d 1092, 1102 (11th Cir. 1983) (quoting Fla. Stat.

§ 672.607).  Defendants argue that Plaintiff's breach of express warranty claim must be dismissed

because Plaintiff only raised the New Issues with the Vessel after the instant litigation was filed.[1]

Accordingly, Defendants aver that they were never provided adequate notice as required under

Florida law.  *See* Fla. Stat. § 672.607.

Plaintiff does not dispute that the New Issues were discovered by Plaintiff after he filed the

Amended Complaint.  Instead, Plaintiff argues that Count I "rel[ies] at least in part" on the Original

Issues and thus, "even without consideration of the additional defects that were discovered after

the lawsuit," Plaintiff's claim is sufficient.  Plaintiff's Response to Defendants' Motion for

---

[1]  Although Defendants' arguments regarding the New Issues identified with the Vessel presumably relate to all of Plaintiff's breach of warranty claims, the Court finds that Plaintiff's breach of implied warranty claims cannot survive summary judgment for the reasons explained below.  Therefore, the Court only analyzes this issue with respect to Plaintiff's breach of express warranty claim.

Summary Judgment ("Response") [ECF No. 69] at 11.  In addition, Plaintiff advances that issues of fact exist as to whether Defendants were aware of the New Issues at the time Plaintiff purchased the Vessel.

It is undisputed that Plaintiff failed to provide *any* notice—much less reasonable or timely notice—to Defendants regarding the New Issues, which now form the basis, at least in part, for his breach of express warranty claim.  Moreover, Plaintiff points to no evidence in the record that suggests Defendants were aware of the New Issues at the time of sale, nor any evidence that demonstrates Defendants were offered an opportunity to remedy the defects alleged, as required by law.  Indeed, Plaintiff's only citation in this regard references the language of his Amended Complaint, which states that Defendants knew of the New Issues at the time of sale.  However, allegations in the Amended Complaint do not constitute evidence.  Given the absence of any evidence suggesting Plaintiff gave Defendants notice of—and an opportunity to repair—the New Issues (or that Defendants knew of the New Issues at the time of sale), the New Issues cannot form the basis of Plaintiff's breach of express warranty claim against Sea Ray.  *See Burns v. Winnebago Indus., Inc.*, 492 F. App'x 44, 48 (11th Cir. 2012).

However, since Plaintiff has alleged that the Original Issues also underly Plaintiff's breach of express warranty claim—and because there are issues of fact regarding the nature and success of the alleged repairs relating to the Original Issues—the Court cannot grant summary judgment on Count I.  For example, Plaintiff argues that Defendants refused to provide him with proof that the $CO_2$ monitors had been replaced; Plaintiff also asserts that certain communications revealed proper work had not been done on the engines.  While Defendants' argument that Plaintiff did not examine the Vessel until after filing the instant lawsuit is well-taken, the Court will not weigh the evidence at this juncture.  At trial, however, Plaintiff will not be permitted to rely on the New

Issues to prove his breach of express warranty claim.[2] Accordingly, summary judgment is denied as to Count I.

### B. Breach of Implied Warranty Claims Against Sea Ray (Counts II and III)

At issue with respect to Counts II and III is whether privity of contract exists between Plaintiff and Sea Ray. As a starting point, the Court notes that it is beyond dispute that privity exists between Plaintiff and MarineMax, the dealer of the Vessel, as Plaintiff and MarineMax were the sole signors of the Purchase Agreement. Similarly, it is undisputed dispute that Sea Ray did not sign the Purchase Agreement. Accordingly, Defendants argue that no privity of contract exists between Plaintiff and Sea Ray. Plaintiff resists this characterization, arguing that he is a third-party beneficiary of the Purchase Agreement and that MarineMax is an agent for Sea Ray. Thus, Plaintiff suggests privity does exist between him and Sea Ray.

"A cause of action for breach of implied warranty of merchantability or fitness for a particular purpose cannot exist in the absence of privity." *Ohio State Troopers Ass'n, Inc. v. Point Blank Enterprises, Inc.*, No. 0:17-CV-62051-UU, 2018 WL 3109632, at *6 (S.D. Fla. Apr. 5, 2018). "Florida courts have found the privity requirement to be satisfied when a manufacturer directly provides a warranty to, or otherwise has direct contact with, a buyer who purchases from a third party." *Global Quest, LLC v. Horizon Yachts, Inc.*, 849 F.3d 1022, 1032 (11th Cir. 2017). Plaintiff argues that *Global Quest* establishes privity of contract in this case between Plaintiff and Sea Ray. In *Global Quest*, the Eleventh Circuit determined that a plaintiff proffered sufficient evidence from which a reasonable jury could infer privity of contract between a buyer of a boat

---

[2] With respect to Defendants' argument that Sea Ray is entitled to summary judgment because Plaintiff did not provide notice of the Original Issues within a "reasonable" time, the Court notes that any issue regarding the reasonableness of the timing of Plaintiff's notice is a question of fact for the jury to resolve. *See Royal Typewriter*, 719 F.2d at 1102 ("Where the buyer gives some notice of the breach, the issues of timeliness and sufficiency are questions of fact.")

and the manufacturer.  In reaching that conclusion, the Court noted there was evidence that the founder and CEO of the manufacturer "was directly involved in the negotiation of the purchase and limited warranty." *Id.* at 1032.  In addition, it was undisputed that that the seller was an agent for the manufacturer.  This case is different.

 Here, there is no evidence that Sea Ray representatives were directly involved in the negotiation of the purchase of the Vessel or the Limited Warranty.  At best, the evidence cited by Plaintiff—all of which derives from his own deposition—demonstrates that Plaintiff had some contact with Sea Ray representatives *after* the purchase of the Vessel.  However, Plaintiff's communications with Sea Ray after the purchase of the Vessel are, to put it mildly, of no moment. The relevant question is not whether Plaintiff has ever, at any point in time, communicated with Sea Ray, but whether at the time the Purchase Agreement was consummated Sea Ray made any direct representations, in the form of a directly negotiated warranty or otherwise, to confer privity. In other words, given the absence of any evidence to suggest Plaintiff had any contact with Sea Ray representatives at the time he purchased the Vessel, Plaintiff cannot establish privity.  *See Mesa v. BMW of N. Am., LLC*, 904 So. 2d 450, 458 (Fla. 3rd DCA 2005).

Here, Plaintiff has simply proffered no evidence to suggest that Sea Ray's Limited Warranty "was provided and specifically negotiated as part of the purchase of the [Vessel]" as in *Global Quest*. *Global Quest,* 849 F.3d at 1032.  In fact, Plaintiff makes no argument regarding the circumstances surrounding the provision of Sea Ray's Limited Warranty and its impact on this analysis.  Similarly, there is no evidence to suggest Sea Ray was directly involved in the negotiation of the sale of the Vessel.

Despite the lack of evidence suggesting any direct contact between Plaintiff and Sea Ray at the time of acquisition, Plaintiff contends that privity can still be established because he is an intended third-party beneficiary.  Specifically, Plaintiff advances that "since MarineMax was not

intended to be the ultimate consumer of the Vessel, the warranties associated with the Vessel are intended for the benefit of the ultimate consumer—Fuller." Response at 19. Plaintiff's argument makes little sense. The question is not whether Plaintiff should benefit from the warranties in his Purchase Agreement, but whether privity of contract exists between Plaintiff and Sea Ray. Where, as here, the agreement at issue was specifically signed by the party seeking to benefit from the third-party beneficiary status, there is no function for the third-party beneficiary doctrine. In other words, Plaintiff's argument suggesting he is a third-party beneficiary of his own Purchase Agreement misses the mark. To succeed on his breach of implied warranties claim, Plaintiff must demonstrate privity of contract between Plaintiff and Sea Ray, which Plaintiff has failed to do. *See Padilla v. Porsche Cars N. Am., Inc.*, 391 F. Supp. 3d 1108, 1118 (S.D. Fla. 2019) (dismissing breach of implied warranty claims for failure to establish contractual privity).

Finally, the Court finds that Plaintiff's conclusory allegation that he believed MarineMax and Sea Ray to be the same company—such that an agency relationship may be established between the two Defendants—is insufficient to defeat summary judgment. To establish that MarineMax is an agent for Sea Ray, Plaintiff must ultimately prove: (1) acknowledgment by Sea Ray that MarineMax was acting as its agent; (2) acceptance of the undertaking by MarineMax; and (3) control by Sea Ray over MarineMax's day-to-day activities during the course of the agency. *See Ocana v. Ford Motor Co.*, 992 So. 2d 319, 326 (Fla. 3rd DCA 2008). Here, the evidence in the record is wholly insufficient to create a genuine issue of fact as to the alleged principal-agent relationship between MarineMax and Sea Ray. There is simply no evidence of any of the tell-tale signs of a principal-agent relationship, such as the ability of the principal to hire, fire, or supervise dealership employees or dealer ownership. *Id.* Indeed, Plaintiff's only evidence in this regard is a reference to his deposition testimony wherein he stated that he believed MarineMax and Sea Ray to be the same company. Without more, even in the light most favorable

to Plaintiff, Plaintiff's subjective belief about the relationship between MarineMax and Sea Ray does not support the existence of an agency relationship between both Defendants. Accordingly, the entry of summary judgment is warranted as to Counts II and III.

### C. Violations of Magnuson-Moss Warranty Act (Count IV)

Defendants' sole argument for dismissal of Count IV (Violations of Magnuson-Moss Warranty Act) focuses on Plaintiff's inability to maintain a suit under the federal statute absent a viable breach of warranty claim. Defendants urge dismissal of all breach of warranty claims—and thus Count IV as well. However, because Plaintiff's breach of express of warranty claim survives summary judgment, Count IV will similarly survive. *See Razen v. FCA US LLC*, No. 619CV831ORL40LRH, 2019 WL 7482214, at \*6 (M.D. Fla. Oct. 23, 2019) (noting that a Magnuson-Moss Warranty Act claim only exists if a valid breach of warranty claim is also stated.). Accordingly, summary judgment is denied as to Count IV.

### D. Rescission Against MarineMax (Count V)

Under Florida law, "a fundamental requirement necessary for rescission of a contract is that the moving party has no adequate remedy at law." *Collier v. Boney*, 525 So. 2d 971, 972 (Fla. 1st DCA 1988). Defendants argue that Plaintiff cannot seek rescission of the Purchase Agreement against MarineMax because Plaintiff has an adequate remedy at law under the Limited Warranty against Sea Ray. Plaintiff counters that an issue of fact exists as to whether MarineMax is a party to the Limited Warranty under a theory of agency, precluding summary judgment. The Court has already determined that no reasonable jury could find MarineMax was Sea Ray's agent given the dearth of evidence suggesting a principal-agent relationship between Defendants.[3]

---

[3] The Court is unpersuaded by Plaintiff's suggestion that an agency relationship is evinced by Defendants' offer to reimburse Plaintiff for his expenses on the condition that he sign a release of claims against both Defendants; such settlement discussions do not evince a pre-existing agency relationship, and the same is true of counsels' joint representation of Defendants.

Moreover, the Court agrees that Sea Ray's Limited Warranty provides Plaintiff an adequate remedy at law. The Court also notes that MarineMax sold the Vessel to Plaintiff "as is" and disclaimed all express and implied warranties in the Purchase Agreement. Accordingly, Plaintiff cannot pursue a claim for rescission. *See Ames v. Winnebago Indus., Inc.*, No. 5:04-CV-359OC10GRJ, 2005 WL 2614614, at *4 (M.D. Fla. Oct. 14, 2005) ("although Florida law provides for revocation of acceptance as a remedy for buyers in certain circumstances, when a dealer disclaims all warranties there is no basis to later revoke acceptance.); *see also Frank Griffin Volkswagen, Inc. v. Smith*, 610 So. 2d 597, 599 (Fla. 1st DCA 1992); *Giallo v. New Piper Aircraft, Inc.*, 855 So. 2d 1273, 1275 (Fla. 4th DCA 2003). Summary judgment is therefore granted in favor of Defendants as to Count V.

## CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion for Summary Judgment [ECF No. 67] is **GRANTED** as to Counts II, III, V and **DENIED** as to Counts I and IV. Partial final judgment shall be entered by separate order.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 10th day of March, 2020.

_____

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**